MWG:DJM
F. #2023R00980

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

SHAKEEM SMITH,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

C O M P L A I N T   A N D
A F F I D A V I T   I N   S U P P O R T
O F   A N   A R R E S T   W A R R A N T

(18 U.S.C. § 659)

No. 25-MJ-126

EASTERN DISTRICT OF NEW YORK, SS:

       Matthew Coughlin, being duly sworn, deposes and states that he is a Special

Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as

such.

       On or about September 16, 2023, the defendant SHAKEEM SMITH, knowingly

did embezzle, steal, and unlawfully take, carry away and conceal, and by fraud and deception

obtained from a vehicle and from an aircraft, air cargo container, air terminal, airport, aircraft

terminal and air navigation facility, and intermodal container, trailer, container freight station,

warehouse, and freight consolidation facility, with intent to convert to his own use goods and

chattels moving as and which are part of and which constitute an interstate shipment of freight,

express and other property, the aggregate value of which is equal to or greater than $1,000.

       (Title 18, United States Code, Section 659)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.       I am a Special Agent with the Federal Bureau of Investigation ("FBI").   I have been employed as a Special Agent with the FBI since January 2016.   I am currently assigned to the FBI's John F. Kennedy International Airport ("JFK") Field Office in Queens, New York.   I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2.       On or about September 16, 2023, a theft of cargo containing gold jewelry occurred at JFK.   The gold jewelry was originally exported from Lima, Peru with air waybill # 145-10055743 via LATAM Cargo.   Upon delivery to the final destination, a business in Philadelphia, Pennsylvania (the "Victim Business"), whose identity is known to your affiant, discovered that approximately 3,746.01 grams of gold jewelry, valued at approximately $158,702.96, were missing from the shipment.   For the reasons discussed below, I have probable cause to believe that the missing gold jewelry was stolen while the shipment passed through JFK.

3.       In particular, I have probable cause to believe that the shipment was opened and then resealed while at JFK for the following reasons.   The blue cargo bin containing the shipment of gold jewelry was originally sealed with a green seal from a shipping company (the "Shipping Company"), whose identity is known to your affiant, that was hired to transport the gold jewelry from JFK to the Victim Business.   However, when the blue cargo bin was

---

[1]       Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

picked up by the Shipping Company, the bin was sealed with a yellow seal.   A representative from the Shipping Company explained that this yellow seal is not used by the company.

4.    A review of video surveillance footage from on or about September 16, 2023, at approximately 7:55 p.m., showed an individual moving an "AKE" container—a large container used for transporting cargo—into the LATAM Cargo warehouse on a forklift.   After reviewing the video surveillance footage, a representative from Alliance Ground International ("Alliance") identified the individual throughout the video as the defendant SHAKEEM SMITH, who worked as a cargo supervisor for Alliance at JFK.   A law enforcement officer further reviewed the video surveillance footage that showed SMITH loading the blue cargo bin containing the shipment of gold jewelry, which was on a wooden pallet in the warehouse, as seen in the image below, into the AKE container.   The blue cargo bin was wrapped in plastic wrap at that time.   SMITH then moved the AKE container out to the ramp area of JFK on a forklift.



5.    At approximately 8:25 p.m., video surveillance footage showed the defendant SHAKEEM SMITH moving the AKE container back into the warehouse on a forklift. SMITH then removed the blue cargo bin containing the shipment of gold jewelry from the AKE

container, as seen in the image below.   SMITH was also seen removing a roll of plastic wrap

from the AKE, which I believe, based on my training, experience, and familiarity with cargo

theft cases, was used to re-wrap the blue cargo bin after the theft of gold jewelry.



6.      At approximately 8:53 p.m., video surveillance footage showed the

defendant SHAKEEM SMITH moving the forklift to the front of the warehouse next to an

office.   SMITH then removed a bag from the forklift cab and appeared to place the bag into a

mail slot in the office.   At approximately 8:59 p.m., SMITH entered the office, clocked out of

his shift using a time attendance machine, and removed the bag from the mail slot.   SMITH—

who appeared to have a cellular phone in his hand—then left the building while holding the bag

and entered the back left passenger seat of a white sedan.

7.      A time sheet from September 16, 2023, indicated that the defendant

SHAKEEM SMITH worked from 11:28 a.m. to 8:59 p.m., which was the same time the

individual depicted in the video surveillance footage clocked out of his shift at the JFK

warehouse using the time attendance machine.

8.      A review of the defendant SHAKEEM SMITH's bank account records shows that, shortly after the theft of gold jewelry on or about September 16, 2023, SMITH began depositing money into his bank account via ATMs in large increments: two deposits on or about September 20, 2023, totaling $2,470; two deposits on or about September 24, 2023, totaling $2,000; and two deposits on or about September 30, 2023 totaling $2,680.   Similar-sized deposits occurred in or about and between October 2023 and December 2023, totaling over $35,000.   Based on my training and experience, as well as involvement in this investigation, I believe that this banking activity is consistent with SMITH selling the stolen gold jewelry and then depositing the proceeds into his bank account in small increments to avoid suspicion.

9.      In addition, historical cell-site records from a cellular phone believed to belong to the defendant SHAKEEM SMITH indicate that, on or about September 20, 2023—the day SMITH began depositing money into his bank account via ATM—SMITH travelled to the Diamond District in Manhattan, New York, a neighborhood known for the purchase and sale of jewelry.   Further analysis of these historical cell-site records shows that SMITH was in the vicinity of two pawn shops in Queens, New York ("Pawn Shop 1" and "Pawn Shop 2") whose identities are known to your affiant, in the weeks following the September 16, 2023 robbery: (1) Pawn Shop 1 on or about September 27, 2023; and (2) Pawn Shop 2 on or about October 1 and 27, 2023, November 10, 2023, December 12 and 18, 2023, and January 5, 2024.   SMITH deposited money into his bank account during the same time frame as these aforementioned dates.

10.      SMITH resigned from his job at Alliance on or about November 30, 2023.

11.      Because public filing of this document could result in a risk of flight by the defendant SHAKEEM SMITH, as well as jeopardize the government's ongoing

investigation, I respectfully request that this complaint, as well as any arrest warrant issued in

connection with this complaint, be filed under seal.

            WHEREFORE, your deponent respectfully requests that the defendant

SHAKEEM SMITH be dealt with according to law.

            /s/ Matthew Coughlin
            Matthew Coughlin
            Special Agent
            Federal Bureau of Investigation

Sworn to before me by telephone this
___8__ day of April, 2025

_____
THE HONORABLE JOSEPH A. MARUTOLLO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK